**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-30597
Summary Calendar

_____

DAVID NORRIS,

Plaintiff-Appellant,

versus

WAYNE F. McELVEEN, ET AL.,

Defendants,

WAYNE F. McELVEEN,

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-505)**

_____

**March 13, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

David Norris appeals the dismissal, following a bench trial, of his claims against the Sheriff of Calcasieu Parish, Louisiana, arising out of the termination of his employment. Findings of fact are reviewed for clear error; conclusions of law, _de novo_. _E.g._, FED. R. CIV. P. 52; **_Mid-Continent Cas. Co. v. Chevron Pipe Line Co._**,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

205 F.3d 222, 229 (5th Cir. 2000) (bench trial); *Downey v. Denton County, Tex.*, 119 F.3d 381, 385 & n.5 (5th Cir. 1997) (FED. R. CIV. P. 52(c) judgment on partial findings).

For the judgment on partial findings, pursuant to FED. R. CIV. P. 52(c), concerning Norris' Title VII racial discrimination claim, Norris contends the district court erred by holding he was required, but failed, to prove he was replaced by a person of another race.  Instead, the court held:  *even assuming* Norris established a prima facie case of discrimination, he failed to prove his termination was motivated by race.  The record amply supports that ruling.

Norris maintains the district court found the Sheriff's reasons for termination were pretextual, when the court supposedly stated it did *not* agree Norris' termination was justified.  Instead, the court stated:  even *if* it did *not* agree the circumstances justified the termination, it could *not* substitute its judgment for that of the Sheriff.  This is merely an acknowledgment that federal courts are *not* personnel managers; that Title VII relief is available only for unlawfully-motivated employment decisions, *not* arbitrary or erroneous ones.  *Cf*. *E.E.O.C. v. Louisiana Office of Community Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995) (ADEA).  The district court did *not* find the reason asserted by the Sheriff for Norris' termination was *not* the

true reason, much less that the true reason was motivated by Norris' race.

Norris asserts the district court erred by finding insufficient evidence of publication to sustain his due process claim for deprivation of a liberty interest. But, in addition to finding insufficient evidence that the Sheriff publicized the basis for Norris' termination, the court also found Norris failed to prove the reason given by the Sheriff for the termination was false. The evidence, including Norris' admission that he engaged in the conduct which was the basis for his termination (touching a female co-worker), overwhelmingly supports that finding.

Finally, Norris contends the district court erred by dismissing his state law claim for wrongful termination. Because Norris was an at-will employee and failed to prove his termination was motivated by race, the district court did *not* err by dismissing that claim.

**AFFIRMED**

3